UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BERNIE B. CLEVELAND,

    Plaintiff,

        v.

COUNTY OF COOK, *et al.*,

    Defendants.

Case No. 11-cv-878-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Austin and defendant Randle's motion for discovery sanctions (Doc. 68) and dismiss plaintiff Bernie B. Cleveland's remaining claims in this case.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made. *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Frazier found that the sanction of dismissal was appropriate in light of the fact that Cleveland failed to attend his properly-noticed deposition, failed to notify the Court of a change in his mailing address and failed to respond to an order to show cause why the Court should not dismiss the remaining claims in his case as a sanction for those failures.   Magistrate Judge Frazier noted Cleveland did not notify the defendant he would not be attending his deposition and did not attempt to reschedule or to reimburse the defendants for

their costs.   He further found the defendants would be prejudiced by Cleveland's actions because discovery has closed and that monetary sanctions would be pointless in light of Cleveland's indigence.

Cleveland objects (Doc. 77), and the defendants have responded to his objection (Doc. 80). Cleveland argues that his mental health issues, his confinement on electronic monitoring, his failure to receive notice of the deposition, the defendants' decision to wait until late in the discovery period to depose him should excuse his failures.   They do not.

- Mental health issues do not excuse compliance with the Federal Rules of Civil Procedure, especially where Cleveland made no effort to mitigate his failures with the defendants' counsel;

- Cleveland could have sought leave to attend his deposition from the agency supervising him on release;

- Defense counsel sent notice to Cleveland in a timely manner and in a reasonable way; and

- There is nothing wrong with waiting until late in the discovery period to seek a deposition.

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 72) in its entirety;

- **GRANTS** Austin and Randle's motion for discovery sanctions (Doc. 68);

- **DISMISSES with prejudice** Cleveland's remaining claims in this case; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 30, 2013**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**